IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CINDY FAIRCHILD,                    §
                                    §
     Plaintiff,                     §
                                    §
v.                                  §    CIVIL ACTION NO. H-10-634
                                    §
ALLSTATE TEXAS LLOYD'S,             §
DONALD WAYNE GIFFIN,                §
ROBERT FULTON ARMOUR,               §
KEVIN HAROLD HOLBROOK, and          §
DAVID CURTIS LEE,                   §
                                    §
     Defendants.                    §

MEMORANDUM AND ORDER

Pending is Plaintiff Cindy Fairchild's Motion to Remand
(Document No. 6).   After carefully considering the motion,
responses, and the applicable law, the Court concludes that the
case should be remanded.

I.   Background

This is a Hurricane Ike insurance dispute.   Plaintiff Cindy
Fairchild ("Plaintiff") filed claims under her Homeowner's
Insurance Policy (the "Policy") with Allstate Texas Lloyd's
("Allstate") for hurricane damage to her home at 1 North Birchcane
Court, The Woodlands, Texas 77318 (the "Property").[1]   Allstate
assigned as the claims adjusters Donald Wayne Giffin, Robert Fulton

---

[1] Document No. 1, ex. B ¶¶ 15-16 (Plaintiff's Original
Petition).

Armour, Kevin Harold Holbrook, and David Curtis Lee (collectively, "Adjusters").[2]  Allstate denied some of Plaintiff's claims and allegedly underpaid others.

Plaintiff filed this action in the 410th Judicial District Court of Montgomery County, Texas.  Plaintiff asserts claims against Allstate for breach of contract, breach of duty of good faith and fair dealing, and violations of the Texas Insurance Code (unfair settlement practices and prompt payment of claims); Plaintiff asserts a claim against Adjusters for violating the Texas Insurance Code (unfair settlement practices); and Plaintiff asserts claims against all Defendants for common law fraud and conspiracy to commit fraud.[3]  Allstate removed based on diversity, claiming that Adjusters were joined improperly to defeat diversity jurisdiction.  It is undisputed that Allstate is a citizen of Illinois and Virginia[4] and Plaintiff and Adjusters are Texas citizens;[5] therefore, if any of the Adjusters were joined properly,

---

[2] Id., ex. B ¶ 21.

[3] Id., ex. B ¶¶ 36-70.

[4] Allstate is an unincorporated association of underwriters whose individual underwriters are all residents and citizens of Illinois and Virginia.  Document No. 1 ¶ 2.  Accordingly, Allstate is a citizen of Illinois and Virginia.  See Carden v. Arkoma Assocs., 110 S. Ct. 1015, 1018 (1990) (stating that the citizenship of an unincorporated association depends on the citizenship of all its partners).

[5] Document No. 1, ex. B(1) ¶¶ 4-7.

the Court lacks diversity jurisdiction.   Plaintiff now moves to remand.

## II.   <u>Motion to Remand</u>

### A.   <u>Improper Joinder Standard</u>

To establish that a non-diverse defendant has been improperly joined, the removing party must prove either (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant.   <u>Ross v. Citifinancial, Inc.</u>, 344 F.3d 458, 461 (5th Cir. 2003).   Here, Allstate does not assert that Plaintiff fraudulently pleaded jurisdictional facts, so only the second prong is at issue.   Under this prong, "[t]he court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability" on the non-diverse defendant.   <u>Id.</u> at 462. A reasonable basis for state liability requires that there be a *reasonable* possibility of recovery, not merely a *theoretical* one. <u>Id.</u>   The Fifth Circuit has explained:

> [T]he standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).   The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6) because the court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim.

Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007) (citing Ross, 344 F.3d at 462-63); *accord* Travis v. Irby, 326 F.3d 644, 648-49 (5th Cir. 2003).   Whether or not to "pierce the pleadings" is discretionary, and may be appropriate in order to identify the presence of discrete and undisputed facts that would preclude a plaintiff's recovery against the non-diverse defendant. Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004).   The focus of this summary inquiry must be on whether the defendants were improperly joined in order to defeat diversity, not on the overall merits of the plaintiff's case.   Id. at 573.

The party claiming fraudulent joinder bears a "heavy" burden of persuasion.   Id.   All factual allegations in the state court petition are considered in the light most favorable to the plaintiff, Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005), and contested issues of fact and any ambiguities in state law must be resolved in favor of remand.   Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007).

B.   Analysis

    1.   Improper Joinder

Plaintiff asserts that remand is proper because (1) Allstate's removal was procedurally defective because Adjusters did not provide written consent for removal, and (2) this Court lacks diversity jurisdiction because Plaintiff and Adjusters are Texas

4

citizens.  Because the consent of improperly joined parties is not necessary for removal, Plaintiff's two arguments collapse into one inquiry--whether Adjusters were improperly joined to defeat diversity.  *See* <u>Jernigan v. Ashland Oil Inc.</u>, 989 F.2d 812, 815 (5th Cir.1993) ("In cases involving alleged improper or fraudulent joinder of parties, [requiring the written consent of] improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.").

Allstate asserts that Adjusters were improperly joined because "Plaintiff fails to offer any specific facts in support of her claims against the Adjuster Defendants and therefore she failed to make the required '[f]actual fit between (her) allegations and the pleaded theory of recovery.'"[6]  The allegations against Adjusters in the "FACTS" section of Plaintiff's Original Petition are as follows:

> 21.   Allstate assigned Donald Wayne Giffin, Robert Fulton Armour, Kevin Harold Holbrook, and David Curtis Lee to adjust the claim.
>       . . .
>
> 24.   Defendants Allstate, Giffin, Armour, Holbrook, and Lee misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence . . . .

---

[6] Document No. 14 at 5 (quoting <u>Griggs v. State Farm Lloyds</u>, 181 F.3d 694, 701 (5th Cir. 1999)).

25.  Defendants Allstate, Giffin, Armour, Holbrook, and Lee failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. . . .

26.  Defendants Allstate, Giffin, Armour, Holbrook, and Lee failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants Allstate, Giffin, Armour, Holbrook, and Lee failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Allstate, Giffin, Armour, Holbrook, and Lee did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. . . .

27.  Defendants Allstate, Giffin, Armour, Holbrook, and Lee failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Allstate, Giffin, Armour, Holbrook, and Lee. . . .

28.  Defendants Allstate, Giffin, Armour, Holbrook, and Lee refused to fully compensate Plaintiff under the terms of the Policy, even though Defendants Allstate, Giffin, Armour, Holbrook, and Lee failed to conduct a reasonable investigation. Specifically, Defendants Allstate, Giffin, Armour, Holbrook, and Lee performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property. . . .

33.  Defendants Allstate, Giffin, Armour, Holbrook, and Lee knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.[7]

_____

[7] Document No. 1, ex. B(1) (Original Petition).

6

Immediately following this section are Plaintiff's "CAUSES OF ACTION," in which Plaintiff brings some claims only against Allstate, some claims only against Adjusters, and some claims against all Defendants.

Plaintiff's Original Petition repeats verbatim the allegations and causes of action asserted in <u>Harris v. Allstate Texas Lloyd's</u>, No. H-10-0753, 2010 WL 1790744 (S.D. Tex. April 30, 2010) (Lake, J.).  In <u>Harris</u>, Judge Lake granted the plaintiff's motion to remand because the plaintiff's "allegations, if proven true, would create a reasonable probability that [the plaintiff] could prevail in his claims against the [individual adjuster]."  <u>Id.</u> at *4.  The defendants failed to proffer any evidence disproving these allegations; therefore, a summary inquiry was unwarranted and remand was appropriate.  <u>Id.</u> at *4-5; *see also* <u>Elliot v. Allstate Texas Lloyd's</u>, No. H-10-650 (S.D. Tex. April 28, 2010) (Atlas, J.) (remanding case with nearly identical petition).  Similar to the circumstances in <u>Harris</u>, Allstate has not proffered any evidence disproving Plaintiff's allegations; it has not met its burden to show that Plaintiff has no reasonable basis for recovery against Adjusters.

2.   <u>Attorney's Fees</u>

Plaintiff also seeks attorney's fees, costs, and expenses from Allstate.   Plaintiff argues that Allstate has acted in bad faith:

> On March 1, 2010, Allstate removed nine (9) Hurricane Ike cases in which Plaintiff's counsel is the opposing counsel.  Allstate filed all 9 Notice of Removals despite the fact that each of these cases have no basis for removal.  Moreover, each of the 9 cases removed by Allstate on March 1, 2010 have properly joined Texas defendants.  Allstate's groundless removals demonstrate its systematic approach to the Hurricane Ike litigation, which is to run up attorney fees and further delay payment of the Plaintiff's claims.[8]

Attorney's fees are not available if the removing defendants "had objectively reasonable grounds to believe the removal was legally proper." <u>Valdes v. Wal-Mart Stores, Inc.</u>, 199 F.3d 290, 293 (5th Cir. 2000).   There are divergent opinions regarding the improper joinder of adjusters in Hurricane Ike insurance cases.   For example, in <u>Aran v. Allstate Texas Lloyd's</u>, the Eastern District of Texas found the plaintiff's original petition, which is virtually identical to the Original Petition in this case, failed to allege sufficient facts to support a cause of action against the individual adjuster. *See* <u>Aran v. Allstate Texas Lloyd's</u>, No. 1:09-CV-490, at *14-15 (E.D. Tex. April 15, 2010).   <u>Aran</u> is consistent with a line of Hurricane Ike cases involving similar petitions and

---

[8] Document No. 6 at 12-13.

circumstances.[9]  Accordingly, Allstate had objectively reasonable grounds to believe removal was proper.  Moreover, the Court is unmoved by the fact that Allstate removed nine similar cases filed by Plaintiff's counsel.  Upon inspection, these cases reveal Plaintiff's counsel's own "systematic approach to the Hurricane Ike litigation," which involves cutting and pasting plaintiffs' and defendants' names into boilerplate petitions.  While the nine cases that Allstate removed surely involve different circumstances, their petitions are virtually identical and indistinguishable.  *Compare* Document No. 1, ex. B(1) *with* Bieta v. Allstate Texas Lloyd's, No. 3:10-68 (S.D. Tex. Mar. 1, 2010); Drobny v. Allstate Texas Lloyd's, No. 4:10-640 (S.D. Tex. Mar. 1, 2010) (Atlas, J.) (remanded);

---

[9] *See, e.g.*, Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co., 4:09-cv-165-A, 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009) (finding allegations that listed Insurance Code provisions and asserted that "Both Defendants" violated such provisions "are really legal conclusions couched as factual allegations," and stating, "The problem plaintiff has with each of these alleged violations is that it has alleged no facts to show that [the adjuster] performed any act that could be construed as a violation of any of the aforementioned sections [of the Insurance Code]."); Broadway v. Brewer, No. 4:08-cv-475, 2009 WL 1445449, at *2 (E.D. Tex. May 21, 2009) (finding a petition listing statutory provisions of the Insurance Code that were violated by "Defendants" "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co., No. 1:07-CV-988, 2008 WL 4533729, at *6 (E.D. Tex. Sept. 29, 2008) (finding petition listing violations of the Insurance Code committed by the insurance company and then incorporating those violations against the adjuster did not state a claim against the adjuster because "[n]o specific code violations are attributed to [the adjuster]. . . . Ultimately, all allegations are conclusory, wholly lacking specific factual support, and merely assert that [the adjuster] violated the Texas Insurance Code.").

9

<u>Rodriquez v. Allstate Texas Lloyd's</u>, No. 4:10-643 (S.D. Tex. Mar. 1, 2010); <u>Hayden v. Allstate Texas Lloyd's</u>, No. 4:10-646 (S.D. Tex. Mar. 1, 2010); <u>Urquilla v. Allstate Texas Lloyd's</u>, No. 4:10-648 (S.D. Tex. Mar. 1, 2010); <u>Murray v. Allstate Texas Lloyd's</u>, No. 4:10-649 (S.D. Tex. Mar. 1, 2010); <u>Elliott</u>, No. 4:10-650 (S.D. Tex. Mar. 1, 2010) (Atlas, J.) (remanded); <u>Moses v. Allstate Texas Lloyd's</u>, No. 4:10-651 (S.D. Tex. Mar. 1, 2010).   Plaintiff's request for attorney's fees is denied.

### III.   <u>Order</u>

Based on the foregoing, it is

ORDERED that Plaintiff Cindy Fairchild's Motion to Remand (Document No. 6) is GRANTED, and this case is REMANDED to the 410th Judicial District Court of Montgomery County, Texas.

The Clerk will mail a certified copy of this Order to the Clerk of the 410th Judicial District Court of Montgomery County, Texas, as required by 28 U.S.C. § 1447, and shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 15th day of June, 2010.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE